In re:

RICHARD MARTIN LEWISTON

    Debtor.

_____/

Case No: 12-58599-pjs
Chapter 7
Honorable Phillip J. Shefferly

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA
SHAPIRO DECLARATION OF TRUST, ILA I,
L.L.C., ILA II, L.L.C., APTCAM, L.L.C., CAMAPT,
L.L.C., RICHARDS-PITT, L.L.C., GREGORY
RICHARDS CS TRUST, GREGORY RICHARDS
MARITALTRUST, DANIEL SMITH, RICHARD
SMITH, JOANNE PURTHER, KEVIN SPIZIZEN,
NEIL SPIZIZEN, KEVIN SPIZIZEN
DECLARATIONOF TRUST, NEIL SPIZIZEN
REVOCABLE LIVING TRUST
and NICK BALBERMAN,

    Plaintiffs,

vs.

RICHARD MARTIN LEWISTON,

    Defendant.

_____/

Adv. Pro. No.

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**
**PURSUANT TO 11 U.S.C. § 727**

NOW COME Plaintiffs, Apartments at Cambridge Company, L.L.C., Mickey Shapiro Trust, Asa Shapiro Declaration of Trust, ILA I, L.L.C., ILA II, L.L.C., Richards-Pitt, L.L.C., Gregory Richards CS Trust, Gregory Richards Marital Trust, Daniel Smith, Richard Smith, Joanne Purther, Kevin Spizizen, Neil Spizizen, Kevin Spizizen Declaration of Trust, Neil Spizizen Revocable Living Trust and Nick Balberman, by and through their attorneys,

1

Morganroth & Morganroth, PLLC and Sullivan, Ward, Asher & Patton, P.C., of counsel, and, for their Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. § 727, hereby state as follows.

## PARTIES AND JURISDICTION

1. Plaintiff, Apartments at Cambridge Company, L.L.C., is a Michigan limited liability company located in the Eastern District of Michigan, Southern Division.

2. Plaintiff, Mickey Shapiro Trust, is a Michigan trust in which the trustee, Mickey Shapiro, is a resident of the Eastern District of Michigan, Southern Division.

3. Plaintiff, Asa Shapiro Declaration of Trust, is a Michigan trust in which the trustee, Asa Shapiro, is a resident of the Eastern District of Michigan, Southern Division.

4. Plaintiff, ILA I, L.L.C., is a Michigan limited liability company located in the Eastern District of Michigan, Southern Division.

5. Plaintiff, ILA II, L.L.C., is a Michigan limited liability company located in the Eastern District of Michigan, Southern Division.

6. Plaintiff, APTCAM, L.L.C., is a Michigan limited liability company located in the Eastern District of Michigan, Southern Division.

7. Plaintiff, CAMAPT, L.L.C., is a Michigan limited liability company located in the Eastern District of Michigan, Southern Division.

8. Plaintiff, Richards-Pitt, L.L.C., is a Michigan limited liability company located in the Eastern District of Michigan, Southern Division.

9. Plaintiff, Gregory Richards CS Trust, is a Michigan trust in which the trustee, Murray Pitt, is a resident of the Eastern District of Michigan, Southern Division.

10. Plaintiff, Gregory Richards Marital Trust, is a Michigan trust in which the trustee,

Murray Pitt, is a resident of the Eastern District of Michigan, Southern Division.

11. Plaintiff, Daniel Smith, is a resident of the Eastern District of Michigan, Southern Division.

12. Plaintiff, Richard Smith, is a resident of the Eastern District of Michigan, Southern Division.

13. Plaintiff, Joanne Purther, is a resident of the Eastern District of Michigan, Southern Division.

14. Plaintiff, Kevin Spizizen, is a resident of the Eastern District of Michigan, Southern Division.

15. Plaintiff, Neil Spizizen, is a resident of the Eastern District of Michigan, Southern Division.

16. Plaintiff, Kevin Spizizen Declaration of Trust, is a Michigan trust in which the trustee, Kevin Spizizen, is a resident of the Eastern District of Michigan, Southern Division.

17. Plaintiff, Neil Spizizen Revocable Living Trust, is a Michigan trust in which the trustee, Neil Spizizen, is a resident of the Eastern District of Michigan, Southern Division.

18. Plaintiff, Nick Balberman, is a resident of the Eastern District of Michigan, Southern Division.

19. Defendant, Richard Martin Lewiston ("Lewiston"), is a resident of the Eastern District of Michigan, Southern Division, and has conducted business herein at all times relevant hereto.

20. On August 13, 2012, Lewiston filed a Voluntary Petition under Chapter 7 of the

Bankruptcy Code (11 U.S.C. § 101, *et seq.*[1]) in the Bankruptcy Court for the Eastern District of Michigan, Southern Division, which presently pends in this Court.

21. This adversary proceeding seeks a judgment that the Defendant is not entitled to a discharge under 11. U.S.C. § 727 and it is therefore a core proceeding within 28 U.S.C. § 157(b).

22. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

23. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **GENERAL ALLEGATIONS**

24. On August 27, 2012, consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Code and Rules"), Lewiston filed a Summary of Schedules, Schedules A through J, a Declaration Concerning Debtor's Schedules and a Statement of Financial Affairs.

25. On September 17, 2012, Lewiston filed an Amended Schedule B and an Amended Statement of Financial Affairs.

26. Lewiston's bankruptcy schedules list assets of more than $11.6 million and liabilities of more than $18.3 million.

27. On October 25, 2012, the trustee conducted a continued creditors' meeting (the initial creditor's meeting was primarily used as a platform to elect the current trustee). At that creditors' meeting, Lewiston testified that his filings of Schedules and Statement of Affairs with the Court of August 27, 2012 and September 17, 2012 were truthful and accurate.

28. However, Lewiston's filings with the Court of August 27, 2012 and September

---

[1] References to the Bankruptcy Code are to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as amended, and will hereinafter be referred to as "Section _____".

17, 2012 do not appear to be truthful, accurate or appropriate and in accordance with the Bankruptcy Code or Rules for a multitude of reasons. The following is a non-exhaustive list of sworn schedules and disclosures made by Lewiston in his August 27, 2012 and September 17, 2012 filings with the Court which do not appear to be truthful, accurate, appropriate, or in accordance with the Bankruptcy Code or Rules.

  A. In Items 1 and 2 of his Amended Schedule B, Lewiston lists $288 in cash and funds in a checking account. However, Lewiston's tax returns in Plaintiffs' possession show that Lewiston should have a substantially higher amount of cash and/or liquid assets. Specifically, Lewiston listed a net income in excess of $32 million in his federal tax returns for 2006. Lewiston also indicated that he liquidated $9 million in U.S. Treasury Bills in his 2007 federal tax returns. To date, Lewiston has failed to explain how and where the funds mentioned above were disposed.

  B. In Items 13 and 14 of his Amended Schedule B and Item 18 of his Amended Statement of Financial Affairs, Lewiston appears to have omitted his ownership interests, direct and/or indirect, in more than two dozen different companies containing significant if not substantial assets (such as real property, rent, management fees, etc.), including, but not limited to:

    1). FQA Associates, LLC;

    2). Pilgrim Village Associates;

    3). The Richard M. Lewiston Company;

    4). PVA Associates Limited Partnership;

    5). Stratford Apartments, LLC;

    6). The Heights Apartments Limited Partnership;

7). The Heights Group, LLC;

8). Greentrees Apartments Limited Partnership;

9). Sullivan-Smith, Inc.;

10). Practical Management Company;

11). Green Acres Associates Limited Partnership;

12). Tap Liquidating Company, LLC;

13). RSJC Associates Limited Partnership;

14). Cambridge Development Associates;

15). Island Lake Associates;

16). Founders Woods Associates;

17). Fairway West Associates;

18). Sunflower Seven Associates;

19). Summer Park Associates, LLC;

20). Practical Development Co.;

21). Practical Home Builders, Inc.;

22). Starlight Homes, Inc.;

23). Coolidge Commercial Associates, LLC;

24). Southpointe Square Apartments Limited Partnership;

25). Sterling Lake Apartments;

26). Century Realty Investment Company Limited Partnership;

27). Legacy Development Associates, LLC;

28). Investment Advisors Company;

29). Big Beaver-Rochester Properties Limited Partnership;

30). Berger-Lewiston-Smith Realty Corporation;

31). B&L Realty Investments Limited Partnership;

32). Kingsley-Moravian Company Limited Partnership; and

33). Stephenson-Madison Heights Company Limited Partnership.

C. Garnishee disclosures received by Plaintiffs' counsel in March and April of 2012 as well as public records from the State of Michigan Department of Licensing and Regulatory Affairs, show that Lewiston transferred his ownership interests in several, if not all, of the companies referred to in Subparagraph B above to his daughter, Leslie Lewiston Etterbeek, and/or his son-in-law, Jeffrey Etterbeek. Upon information and belief, Lewiston also transferred his ownership interests to his wife, Lois Lewiston, his son, Jason Lewiston and his- former daughter-in-law, Jennifer Lewiston. Lewiston made these transfers either within one year, but not more than six years, from the date of filing his bankruptcy petition in this matter and yet he neither lists these entities in his Schedule B, even as amended, but also fails to list transfers of interests in any of them within two years as required by question no. 10 in his Statement of Affairs.

D. In Item 16 of his Amended Schedule B, Lewiston lists more than $10.5 million in alleged accounts receivable to him. However, there are no such accounts receivable. In fact, Lewiston actually owes money to Apartments at Cambridge Company, L.L.C. and perhaps the other entities listed as well.

E. In Item 35 of his Amended Schedule B, Lewiston lists three claims in other bankruptcy matters even though he has no such claims. Specifically, bankruptcy case 09-55674-pjs before this Court was closed with no assets recovered or distributed. Lewiston's claims in bankruptcy cases 09-60375-pjs and 09-55806-pjs, which were also before this Court,

7

were transferred to the law firm of Jaffe Raitt Heuer & Weiss, P.C., which Lewiston well knows since he executed the assignment documents.

   F. Lewiston's Schedule F is also inaccurate and conceals information known to Lewiston in several respects. As but a few examples:

   1). The judgment of $1.5 million obtained by Daniel Smith, Richard Smith and Joanne Purther reflects just a small amount of these Plaintiffs' total claim which is in excess of $10.5 million, yet these amounts over and above this judgment are not listed as required, even as disputed, unliquidated, or contingent, as the case may be;

   2). Lewiston lists several entity creditors in which various Plaintiffs hold direct or indirect ownership interests -- Cambridge Development Associates, Chelsea Fairways, LLC, Fairway West Associates, Founders Woods Associates, Glengarry Development Associates, Income Advisors Company, Island Lake Associates, Lewiston Smith Development Associates, Lewiston-Smith Realty Corporation, Stoneleigh Development Corporation, Sullivan-Smith, Inc. and Sunflower Seven Associates -- as holding claims for "unknown" amounts even though Lewiston managed these entities as his own alter egos and absolutely knows or should know the amounts of money that he took or diverted from such purported entities;

   3). Lewiston also lists an "unknown" debt to the law firm of Jaffe Raitt Heuer & Weiss, P.C. even though such law firm has provided legal representation to Lewiston through at least his bankruptcy filing in this matter and undoubtedly would be sending monthly statements to Lewiston. Once again, the amount due should be listed in an amount as opposed to "unknown" and also provide that the claim is disputed, contingent, or unliquidated, as the case may be.

   4). Other than for the two Plaintiffs whose judgment amounts are

8

12-06010-pjs Doc 1 Filed 11/19/12 Entered 11/19/12 14:22:20 Page 8 of 19

listed, Lewiston lists his debts to Plaintiffs as "unknown" even though Lewiston absolutely knows or should know the amounts of such debts given that Lewiston has controlled all of the relevant books, records and accounts relating to such debts at all times relevant hereto.

29. Based upon Lewiston's false, inaccurate and inappropriate information contained in his sworn schedules and disclosures to the Court of August 27, 2012 and September 17, 2012, Lewiston should be denied a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), (a)(5) and (a)(7).

30. Lewiston provided the false, inaccurate and inappropriate information contained in his sworn schedules and disclosures to the Court of August 27, 2012 and September 17, 2012 for the purpose of concealing his assets, concealing his fraudulent transfer of assets, misleading the trustee into pursuing false claims and/or misleading the trustee and the Court for purposes of obtaining a bankruptcy discharge while avoiding his debts to creditors.

## COUNT I
## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727

31. Plaintiffs hereby incorporate by reference and reallege Paragraphs 1 through 30 of this Complaint as if fully restated herein.

32. 11 U.S.C. § 727(c) provides that a "creditor" "may object to the granting of a discharge under subsection (a) of this section."

33. Subsection (a) of 11 U.S.C. § 727 provides for several exceptions wherein a debtor shall not be granted a discharge.

34. 11 U.S.C. § 727(a)(2) provides that a discharge shall not be granted where:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

9

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

35.  11 U.S.C. § 727(a)(3) provides that a discharge shall not be granted where:

the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

36.  11 U.S.C. § 727(a)(4) provides that a discharge shall not be granted where:

the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim.

37.  11 U.S.C. § 727(a)(5) provides that a discharge shall not be granted where:

the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

38.  11 U.S.C. § 727(a)(7) provides that a discharge shall not be granted where:

the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider

39.  Lewiston should not be granted a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4) because Lewiston, with intent to hinder, delay, or defraud his creditors:

A.  Transferred or concealed from these proceedings the transfer or

10

12-06010-pjs    Doc 1    Filed 11/19/12    Entered 11/19/12 14:22:20    Page 10 of 19

disposition of millions of dollars that had been disclosed in his 2006 and 2007 tax returns. The transfer or disposition and the concealment thereof were, and are, upon information and belief, to hinder, delay and defraud creditors.

   B. Concealed his ownership interests, direct and/or indirect, in more than two dozen different companies containing significant if not substantial assets (such as real property, rent, management fees, etc.); and/or

   C. Transferred his ownership interests, direct and/or indirect, in several, if not all of the companies referred to in Subparagraph B above to his daughter, Leslie Lewiston Etterbeek, his son-in-law, Jeffrey Etterbeek, his son, Jason Lewiston, his former daughter-in-law, Jennifer Lewiston, and his wife, Lois Lewiston, within one year from the date of filing his bankruptcy petition in this matter.

  40. Lewiston should not be granted a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(3) because Lewiston, without justification, directly and indirectly, has concealed information from these proceedings from which Lewiston's financial condition or business transactions might be ascertained. Such information includes, by way of illustration and not of limitation:

   A. The millions of dollars that had been disclosed in Lewiston's 2006 and 2007 tax returns and the disposition thereof;

   B. Lewiston's ownership interests, direct and/or indirect, in more than two dozen different companies containing significant if not substantial assets; and

   C. Lewiston's transfer of some or all of his ownership interests in the companies referred to in Subparagraph B above to his daughter, Leslie Lewiston Etterbeek, his son-in-law, Jeffrey Etterbeek, his son, Jason Lewiston, his former daughter-in-law, Jennifer

Lewiston, and his wife, Lois Lewiston.

41. Lewiston should not be granted a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(4)(A)-(B) because Lewiston knowingly and fraudulently made the following false oaths, false accounts and false claims in connection with his bankruptcy filing in this case.

A. In Items 1 and 2 of his Amended Schedule B, Lewiston lists $288 in cash and funds in a checking account even though Lewiston reported a net income of $32 million for 2006 and liquidated $9 million in U.S. Treasury Bills in his 2007.

B. In Items 13 and 14 of his Amended Schedule B and Item 18 of his Amended Statement of Financial Affairs, Lewiston failed to disclose his ownership interests, direct and/or indirect, in more than two dozen different companies containing significant if not substantial assets (such as real property, rent, management fees, etc.).

C. With respect to Items 13 and 14 of his Amended Schedule B and Item 18 of his Amended Statement of Financial Affairs, garnishee disclosures received by Plaintiffs' counsel in March and April of 2012, as well as public records from the State of Michigan Department of Licensing and Regulatory Affairs, show that Lewiston transferred his ownership interests in several, if not all, of the companies referred to in Subparagraph B above to his daughter, Leslie Lewiston Etterbeek, his son-in-law, Jeffrey Etterbeek, his son, Jason Lewiston, his former daughter-in-law, Jennifer Lewiston, and his wife, Lois Lewiston, upon information and belief, within one year from the date of filing his bankruptcy petition in this matter.

D. In Item 16 of his Amended Schedule B, Lewiston lists more than $10.5 million in alleged accounts receivable to him. However, upon information and belief, there are no such accounts receivable owed to Lewiston, individually.

12

1). With respect to Apartments at Cambridge Company, L.L.C., Lewiston diverted as much as 50%, and perhaps more, of the company's gross revenue to himself and his affiliates. As but a few examples, Lewiston diverted well in excess of $8 million to Apartments at Cambridge Company, L.L.C. from other companies that he was managing even though: (a) such transfers were forbidden by those companies' respective partnership, operating and shareholder agreements; (b) Lewiston improperly booked many such transfers as loans made by Lewiston despite the fact that the monies came from those other companies and reflected other parties' ownership interests; and (c) Lewiston reimbursed himself for many such transfers -- Lewiston received checks totaling more than $6.6 million -- despite the fact that they came from those other companies and reflected other parties' ownership interests and therefore are not accounts receivable of Lewiston, rather, those of the companies from which the monies were transferred and their members, partners, or shareholders, as the case may be. Lewiston diverted more than $390,000 to his personal assistant Kelly Ann Spencer. Lewiston diverted nearly $590,000 to Lewiston-Crescentini Homes, Inc., a company owned by his son, Jason Lewiston, even though such persons or entities had no involvement whatsoever in Apartments at Cambridge Company, L.L.C. Lewiston diverted nearly $4.2 million to Outdoor Solutions, Inc., a landscape contracting company owned by his son-in-law, Jeffrey Etterbeek, who is a tennis instructor, by trade, and such amount is at least four times the amount of money that the landscaping should have cost. Lewiston diverted more than $1.7 million to LR Management Services Corporation, a purported apartment management company owned by Lewiston's daughter, Leslie Lewiston Etterbeek, even though: (a) Apartments at Cambridge Company, L.L.C. is actually a condominium development such that no apartment management, or no management for the monies transferred, is required; (b) there is no documentation justifying the

13

more than $1.7 million paid to LR Management Services Corporation (e.g., who was paid from this money and for what were they paid); (c) there are no records of any bidding for the purported work for which LR Management Services Corporation was paid; and (d) Leslie Lewiston Etterbeek's company, Traditions Brokerage Services Corporation, was paid commissions of more than $1.5 million on condominium sales -- an amount far in excess of the reasonable value of services rendered and in excess of the traditional amounts due for like services rendered.

    2).  With respect to Capitol Park Associates, L.L.C., West Town Line Associates, L.L.C. and Summer Park Associates, L.L.C., there are no accounts receivable owed to Lewiston in any amount, let alone the amounts stated. Furthermore, any claims for accounts receivable (although none existed) were dismissed with prejudice in the Stipulated Order of Dismissal with Prejudice entered on September 15, 2011 in *West Town Line Assocs, LLC v Mack & Meldrum Assocs, LLC*, Case No. 08-091245-CK, Oakland County Circuit Court, State of Michigan. The result of the representation is a false oath and account and a false claim and a false claim contrary to Section 727(a)(3) and (a)(4)(A) and (B).

    3).  With respect to Peninsula Development Associates, L.L.C., there is no account receivable owed to Lewiston in any amount, let alone the amount stated and contrary to Section 727(a)(3) and (a)(4)(A) and (B).

    4).  With respect to Cherry Hill/Denton Group, L.L.C., there is no account receivable owed to Lewiston in any amount, let alone the amount stated. At most, Lewiston is merely listing an account receivable based upon money that he would have transferred to Cherry Hill/Denton Group, L.L.C. from other companies that he was managing wherein such transfers were forbidden by those companies' respective partnership, operating and

14

shareholder agreements and Lewiston improperly booked many such transfers as loans made by Lewiston despite the fact that they came from those other companies and reflected other parties' ownership interests and, therefore, is not and was not monies owed to Lewiston.  Lewiston even admitted to this practice in connection with Cherry Hill/Denton Group, L.L.C. during an arbitration hearing on May 20, 2009 before Martin C. Weisman after being caught falsely testifying that money he claimed to have personally put into Cherry Hill/Denton Group, L.L.C. actually came from another company.  Furthermore, Lewiston rejected at least one offer to purchase assets of Cherry Hill/Denton Group, L.L.C. such that he further has no basis for claiming an account receivable.

5). With respect to Wellesley Building Company, L.L.C. and Wellesley Building Company II, Inc., there are no accounts receivable owed to Lewiston in any amount, let alone the amounts stated.  At most, Lewiston is merely listing accounts receivable based upon money that he would have transferred to Wellesley Building Company, L.L.C. and Wellesley Building Company II, Inc. from other companies that he was managing wherein such transfers were forbidden by those companies' respective partnership, operating and shareholder agreements and Lewiston improperly booked many such transfers as loans made by Lewiston despite the fact that they came from those other companies and reflected other parties' ownership interests.  Lewiston even admitted to this practice in connection with Wellesley Building Company, L.L.C. and Wellesley Building Company II, Inc. during an arbitration hearing on May 20, 2009 before Martin C. Weisman after being caught falsely testifying that money he claimed to have personally put into these companies actually came from another company.

6). With respect to Nick Balberman, there is no account receivable owed to Lewiston in any amount, let alone the amount stated, which false statement is contrary

to and in violation of Section 727(3) and (4)(A) and (B).

        E.      In Item 35 of his Amended Schedule B, Lewiston lists three claims in other bankruptcy matters even though he has no such claims. Specifically, bankruptcy case 09-55674-pjs before this Court was closed with no assets recovered or distributed. Lewiston's claims in bankruptcy cases 09-60375-pjs and 09-55806-pjs, which were also before this Court, were transferred to the law firm of Jaffe Raitt Heuer & Weiss, P.C., which false statement requires a denial of discharge.

        F.      Lewiston's Schedule F is also inaccurate and conceals information known to Lewiston in several respects. The following are but a few examples.

        1).      The judgment amount of $1.5 million obtained by Daniel Smith, Richard Smith and Joanne Purther reflects just a small amount of these Plaintiffs' total claim which is in excess of $10.5 million. If the amount is disputed, contingent, or unliquidated, it should be listed as such. However, as presently set forth, it is contrary to Section 727(a)(3) and (4)(A) and (B).

        2).      Lewiston lists several entity creditors in which various Plaintiffs hold direct or indirect ownership interests -- Cambridge Development Associates, Chelsea Fairways, LLC, Fairway West Associates, Founders Woods Associates, Glengarry Development Associates, Income Advisors Company, Island Lake Associates, Lewiston Smith Development Associates, Lewiston-Smith Realty Corporation, Stoneleigh Development Corporation, Sullivan-Smith, Inc. and Sunflower Seven Associates -- as holding claims for "unknown" amounts even though Lewiston merely ran these entities as his own alter egos and knows or should know the amounts of money that he took from such purported entities. At least, Lewiston's actions are a concealment of debt with regard to Debtor's financial condition, or a failure to keep or preserve

recorded information from which his financial condition or business transactions can be ascertained, all contrary to Section 727(a)(3).

        3). Lewiston also lists an "unknown" debt to the law firm of Jaffe Raitt Heuer & Weiss, P.C. even though such law firm has provided legal representation to Lewiston through at least his bankruptcy filing in this matter and undoubtedly would be sending monthly statements to Lewiston.

        4). Other than for the two Plaintiffs whose judgment amounts are listed, Lewiston lists his debts to Plaintiffs as "unknown" even though Lewiston absolutely knows or should know the amounts of such debts given that Lewiston has controlled all of the relevant books, records and accounts relating to such debts at all times relevant hereto.

42. Lewiston made the oaths, accounts and claims set forth in Paragraph 41 above: (a) under oath in his August 27, 2012 and September 17, 2012 filings with the Court; (b) even though such oaths, accounts and claims were false; (c) Lewiston knew that such oaths, accounts and claims were false; (d) Lewiston made such false oaths, accounts and claims with fraudulent intent; (e) Lewiston's false oaths, accounts and claims are materially related to Lewiston's bankruptcy; and (f) Lewiston has failed to keep and preserve recorded information from which his financial condition or business transactions might be ascertained.

43. Lewiston should not be granted a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(5) because Lewiston has failed to explain satisfactorily his purported loss of assets or deficiency of assets to meet the his liabilities. Specifically, Lewiston has failed to explain, let alone satisfactorily explain, his lack of cash or liquid assets to pay his liabilities given the fact that he reported net income of $32 million in 2006 and liquidated U.S. Treasury bills in the amount of $9 million in 2007. Furthermore, Lewiston has failed to explain, let alone

satisfactorily explain, his purported lack of assets to pay his liabilities given the fact that he maintains ownership interests in dozens of companies (some of which are not disclosed), with assets as stated above. These companies own and/or manage significant if not substantial assets such as land, apartments, lease agreements and management agreements. For instance, Lewiston testified during an arbitration hearing on in February of 2009 before Martin C. Weisman that he owned interests in the French Quarter Apartments and the Pilgrim Village Apartments which regularly pay distributions. Lewiston simply does not and cannot explain, let alone satisfactorily, how such assets cannot pay his liabilities.

44. Lewiston should not be granted a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(7) because Lewiston committed acts specified in 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5) and (a)(7) within one year before the date of the filing of his bankruptcy petition concerning an insider as set forth above. By definition under 11 U.S.C. §§ 101(31)(A) and 101(45), Lewiston's daughter, Leslie Lewiston Etterbeek, Lewiston's son-in-law, Jeffrey Etterbeek, Lewiston's son, Jason Lewiston, Lewiston's wife, Lois Lewiston, and Lewiston's former daughter-in-law, Jennifer Lewiston, are insiders of Lewiston. Therefore, Lewiston's transfer of his ownership interests in several, if not all, of the companies referred to above prevents Lewiston from obtaining a bankruptcy discharge.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Lewiston a bankruptcy discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5) and (a)(7) and grant Plaintiffs such other relief as may be appropriate. Further, Plaintiffs request costs and attorney fees related to this matter.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC
By: /s/ Daniel E. Harold
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
DANIEL E. HAROLD (P61841)
Counsel for Plaintiffs
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
dharold@morganrothlaw.com


SULLIVAN, WARD, ASHER & PATTON, P.C.
By: /s/ Wallace M. Handler
WALLACE M. HANDLER (P14598)
Of counsel to Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-1000
(248) 746-0700

Dated: November 19, 2012 Email: whandler@swappc.com