**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>Richard Martin Lewiston<br><br>      Debtor. | Case No. 12-58599-pjs<br>Chapter 7<br>Hon. Phillip J. Shefferly |

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II,
L.L.C., APTCAM, L.L.C., CAMAPT, L.L.C.,
RICHARDS-PITT, L.L.C., GREGORY RICHARDS
CS TRUST, GREGORY RICHARDS MARITALTRUST,
DANIEL SMITH, ET AL.,

      Plaintiffs,

vs.                                                                      Adv. Pro. No. 12-06010

RICHARD M. LEWISTON,

      Defendant.
_____/

**CHAPTER 7 TRUSTEE'S REPLY BRIEF TO PLAINTIFFS' ANSWER IN OPPOSITION TO CH. 7 TRUSTEE'S MOTION TO INTERVENE IN ADVERSARY PROCEEDING <u>UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 7024</u>**

      The Trustee[1] filed a motion to intervene; he did not file a motion for summary judgment or for expedited trial by unauthenticated exhibits.

      The Trustee should be permitted to intervene in these adversary proceedings because Plaintiffs' allegations in their non-discharge Complaints directly contradict the Trustee's claims. A debt cannot be held non-dischargeable unless it is first determined to exist. Plaintiffs seek to hold "debts" non-dischargeable that, in the Trustee's eyes, do not exist. For example, Apartments at Cambridge Company, L.L.C. ("AAC") seeks to hold Mr. Lewiston's "debt" to it non-dischargeable. The Trustee has sued AAC in Federal District Court[2] to recover

---

[1] Capitalized terms not defined in this Reply have the meanings given them in the Trustee's Motion to Intervene. Plaintiffs' Answer and Brief in Opposition to the Trustee's Motion are referred to as "Answer."

[2] Case No. 2:13-cv-11790-GER-LJM (Judge Rosen).

{00014116.DOCX }                                              1

approximately $4.8 million *AAC owes to Lewiston*.

AAC and other Plaintiffs also claim that Lewiston's non-disclosure of his alleged debt to AAC and his allegedly false claim that he is owed a receivable from AAC constitute grounds to deny the discharge of his "debts" to Plaintiffs and globally under § 727. Allowing the Trustee to intervene in these cases to protect the bankruptcy estate's interests would be consistent with the Federal Rules of Civil Procedure, fair, and promote judicial economy, while denial of the motions to intervene could severely prejudice Debtor's estate.

I.      **Plaintiffs' and the Trustee's Allegations Conflict on Key Points**

Mr. Lewiston's Schedule B lists approximately $10.5 million in accounts receivable from nine entities. Approximately $4.8 million of these receivables are owed to Lewiston by AAC. The Trustee has sued AAC to recover this amount. Plaintiffs not only deny that AAC owes Lewiston $4.8 million and that any of the $10.5 million is owing to Lewiston, they claim Lewiston owes *them* money – and seek to hold those "debts" non-dischargeable. Plaintiffs:

- "challenge Debtor's alleged receivables . . . ." Answer, ¶ 1, and "deny the validity of such [$10.5 million] accounts receivable . . . ." Answer, ¶ 8;

- claim that "dispositive evidence . . . completely disproves Lewiston's listed accounts receivable on his filed and amended Schedule B." Answer, pp. 5, 7;

- "seek determinations as to discharge and dischargeability *of Lewiston's debts to Plaintiffs*." Answer, p. 6;

- allege "Lewiston has no claims for any accounts receivable in any event," and that "the accounts receivable do not exist . . . ." Answer, pp. 7 and 15; *see generally* Plaintiffs' Complaints;

- allege Lewiston "is now claiming accounts receivable as to such embezzled funds which, by law, are not property of the bankruptcy estate." Answer, p. 10, ¶ 16;

- allege that "even if the Trustee was somehow correct that Lewiston has outstanding loans of $4,853,000 to Apartments at Cambridge . . . that number is easily offset and leaves a substantial balance due and owing to Apartments at Cambridge . . . ." Answer, p. 13;

- allege that AAC and all companies in which Plaintiffs maintain an ownership interest with Lewiston are Lewiston's alter egos. *See generally* Plaintiffs' Complaints (*e.g.* Adv. Proc. 12-6004, ¶¶ 37(A), 46, 60, 67(A));

- allege Lewiston "improperly booked many such transfers as loans made by Lewiston

despite the fact that the monies came from . . . other companies and reflected other parties' ownership interest and therefore are not accounts receivable of Lewiston . . . ." *See generally* Plaintiffs' Complaints (*e.g.* Adv. Proc. 12-6004, ¶¶ 37(J), 67(J)); and

- allege "Lewiston diverted as much as 50%, and perhaps more, of [AAC's] gross revenue to himself and his affiliates." *See generally* Plaintiffs' Complaints (*e.g.* Adv. Proc. 12-6004, ¶¶ 37(J) and (K), 47, 67(K)).

## II.   **The Trustee Meets the Standards for Intervention**

The Trustee meets Fed. R. Civ. P. 24's requirements for intervention as of right and permissive intervention and the consistent requirements of case law interpreting Rule 24. For a non-party to intervene as of right, the non-party must establish:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.

*United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

Timeliness.  Courts consider the following when determining whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013).

Here, the non-discharge cases are in their infancy, with initial trial dates scheduled in the mid-first and second quarter of 2014. The Trustee is not seeking to extend any deadlines. Further, intervention is sought to protect significant estate assets; the Trustee has diligently sought relief from this Court in light of his interest in the cases;[3] Plaintiffs and Debtor would not be prejudiced as a result of the Trustee's intervention; and the number and complexity of the

---

[3] The Trustee postponed the Motion response date by two weeks due to a death in Plaintiffs' counsel's family.

{00014116.DOCX }                    3

transactions at issue,[4] as well as the significant prejudice the Trustee potentially faces as a result of claim preclusion, are unusual circumstances militating in favor of intervention.

Plaintiffs' claim that the Trustee should not be permitted to intervene because he did not file a § 523 non-discharge action is unfounded. *See* Fed. R. Bankr. P. 4007(a); *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1170 (6th Cir. 1996) ("[A] trustee may not file a [§ 523] nondischargeability complaint."). A trustee may, however, intervene in a non-discharge action. *See, e.g., Seibel v. Paolino (In re Paolino),* 1993 Bankr. LEXIS 1623 (Bankr. E.D. Pa. Oct. 20, 1993) (trustee permitted to intervene where claim priority status at issue); *Bronfman v. O'Hara (In re O'Hara)*, 2011 Bankr. LEXIS 1420 (Bankr. N.D.N.Y. Apr. 18, 2011) (trustee permitted to intervene in § 727 action). Further, the fact that the Trustee's investigation continues does not mean his motion to intervene is premature; it reflects the fulfillment of his statutory duties.

<u>Trustee's Substantial Legal Interest</u>. The Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007). The Trustee claims a $4.8 million receivable is owing to Lewiston's bankruptcy estate – which receivable Plaintiffs claim does not exist or, if it does exist, is subject to setoff in its entirety. The Trustee is also at least a 25% owner of AAC (Ex. D-1, AAC Operating Agreement and related documents), a focus of all the Complaints.

Ironically, Plaintiffs, who include interest holders of alleged creditors of Lewiston,[5] assert that *the Trustee* lacks standing to intervene. Their Answer reads more like a summary judgment motion, which ignores the liberal intervention standard, lacks proper evidentiary support, and is contradicted by attached Exhibits D-2, D-3, and E showing consistent disclosure by Lewiston of his loans in AAC tax returns and memoranda and millions due to Lewiston from AAC.

<u>Impairment of Trustee's Interest without Intervention</u>. The Trustee risks issue preclusion if

---

[4] The Trustee estimates that his professionals have reviewed over 18,000 documents.

[5] For example, APTCAM, L.L.C., a claimed 25% member of alleged Lewiston creditor AAC, is a Plaintiff alleging it is owed a debt in an undetermined amount in excess of $1 million directly from Lewiston.

{00014116.DOCX }   4

he is not permitted to intervene.[6]  The Trustee sought clarity on this issue and attempted to avoid potential issue and claim preclusion with a previous motion, which the Court denied.

<u>Inadequate Representation of the Trustee by the Parties</u>

Neither Plaintiffs nor the Debtor adequately represents the Trustee's interests in these cases – Plaintiffs because they are taking positions directly contrary to the Trustee's positions; Debtor because he has no economic incentive to protect the Trustee's rights and is allowing interest holders of alleged creditors to prosecute these actions.  The Trustee has objected to the proof of claims of these parties[7] and, if permitted to intervene, intends to file a responsive pleading under Fed. R. Civ. P. 12(b) seeking their dismissal because they are not the real parties in interest, lack Article III standing, and should be prevented from proceeding under prudential standing limitations.

Similarly, the Trustee meets the more relaxed permissive intervention standard, having demonstrated that his motion is timely and having alleged "at least one common question of law or fact." *United States v. Michigan*, 424 F.3d at 445.

|  | Respectfully submitted,<br>WOLFSON BOLTON PLLC |
|---|---|
| Dated:  June 7, 2013 | By:  /s/ Scott A. Wolfson<br>      Scott A. Wolfson (P53194)<br>3150 Livernois, Suite 275<br>Troy, MI 48083<br>Telephone: (248) 247-7103<br>E-mail: swolfson@wolfsonbolton.com |

---

[6] A claim will be barred by res judicata if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997). An issue will be barred by collateral estoppel if (1) the issue was raised in a prior proceeding; (2) the issue was actually litigated; and (3) the determination of the issue was necessary to the outcome of the case. *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981).

[7] *See* Docket Nos. 215 and 216.