**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

In the Matter of:

RICHARD M. LEWISTON,

Debtor.
/

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

APARTMENTS AT CAMBRIDGE, et al.,

Plaintiffs

v.

RICHARD M. LEWISTON,

Defendant
/

Adv. Proc. No. 12-6010-PJS

**_EX PARTE_ MOTION FOR ORDER SETTING EXPEDITED HEARING ON MOTION TO QUASH SUBPOENA TO THE HUNTINGTON BANK**

Jeffery J. Etterbeek and Leslie Etterbeek[1] (collectively the “Etterbeeks”), by their counsel, Steinberg Shapiro & Clark hereby moves for entry of an order scheduling an expedited hearing on the motion to quash the subpoena issued by Plaintiffs to The Huntington Bank (“Huntington”), filed concurrent with this *ex parte* motion and states as follows:

Background

1. On July 15, 2014, after reviewing the docket in this matter, counsel for the Etterbeeks became aware that Plaintiff had served a Subpoena on Huntington.

2. Plaintiffs’ Subpoena demands Huntington produce extensive private banking records of the Etterbeeks no later than July 18, 2014.

[1] Generally, a motion to quash a subpoena directed towards a non-party, must be brought by the non-party itself. However, a person will have standing to quash or modify a non-party subpoena when the subpoena seeks information that affects a privilege or privacy interest of such person. Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information. *Schmulovich v. 1161 Rt. 9 LLC*, 2007 U.S. Dist. LEXIS 59705, 5-6 (D.N.J. 2007)

3. In a clear effort to hide its efforts to access Etterbeeks' private banking records and prevent the Etterbeeks from objecting to or otherwise opposing the Subpoena, Plaintiffs did not serve the Etterbeeks with a copy of the Subpoena or otherwise notify the Etterbeeks that the Subpoena was being issued.

4. Even monitoring the docket in this adversary proceeding would not have revealed that Plaintiffs issued the Subpoena. Plaintiffs did not file a Notice of the Subpoena as would be expected pursuant to Fed.R.Civ.P. 45(a)(4). Moreover, despite serving the Subpoena on June 30, 2014, Plaintiffs did not file certificate of service until July 15, 2014.

5. Concurrent with this *Ex Parte* Motion, the Etterbeeks filed a Motion to Quash Subpoena.

6. Due to the deadline for Huntington to produce documents requested in the subpoena, an expedited hearing is necessary.

7. The Etterbeeks request that this Court enter the attached order to schedule an expedited hearing on the motion to quash subpoena.

STEINBERG SHAPIRO & CLARK

/s/ Geoffrey T. Pavlic (P53770)
Mark H. Shapiro (P43134)
Attorneys for Jeffery and Leslie Etterbeek
25925 Telegraph Road, Suite 203
Southfield, MI 48033
248-352-4700
shapiro@steinbergshapiro.com
pavlic@steinbergshapiro.com

Date: July 18, 2014

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

In the Matter of:

RICHARD M. LEWISTON,

Debtor.

/

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

APARTMENTS AT CAMBRIDGE, et al.,

Plaintiffs

v.

RICHARD M. LEWISTON,

Defendant

______________________________________/

Adv. Proc. No. 12-6010-PJS

**_EX PARTE_ ORDER SETTING EXPEDITED HEARING ON**
**MOTION TO QUASH SUBPOENA TO THE HUNTINGTON BANK**

This matter has come before the Court upon Jeffery J. Etterbeek and Leslie Etterbeek's *Ex Parte* Motion for an Order Setting Expedited Hearing on Motion to Quash Subpoena. The Court finds good cause to enter this *ex parte* Order.

**IT IS ORDERED** that the hearing on Jeffery J. Etterbeek and Leslie Etterbeek's Motion to Quash Subpoena shall be conducted on _______________, 2014 at _________ ___.m.