UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Richard Martin Lewiston, | Case No. 12-58599 |
| Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| Apartments at Cambridge Company, L.L.C., et al.,[1] | Adversary Proceeding No. 12-6010-PJS |
| Plaintiffs, | |
| v. | |
| Richard Martin Lewiston, | |
| Defendant. | |
| _____/ | |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

On September 10, 2015, the Court entered an order ("Order") (ECF no. 245) overruling the Plaintiffs' objections to the discharge of Defendant Richard M. Lewiston ("Debtor"). The Order was entered pursuant to an opinion ("Opinion") (ECF no. 244) issued the same day.[2] On September 24, 2015, all of the Plaintiffs other than the Chapter 7 Trustee filed a motion for reconsideration

---

[1] Plaintiffs are: Apartments at Cambridge Company, L.L.C., Mickey Shapiro Trust, Asa Shapiro Declaration of Trust, ILA I, L.L.C., ILA II, L.L.C., APTCAM, L.L.C., CAMAPT, L.L.C., Richards-Pitt, L.L.C., Gregory Richards CS Trust, Gregory Richards Marital Trust, Daniel J. Smith, Richard B. Smith, Joanne Smith Purther, Kevin Spizizen, Neil Spizizen, Kevin Spizizen Declaration of Trust, Neil Spizizen Revocable Living Trust, Nick Balberman, and Nominal Plaintiff Gene R. Kohut, Chapter 7 Trustee.

[2] All of the terms used in this Order have the meaning given to them in the Opinion.

("Motion") (ECF no. 246). The Court entered an order (ECF no. 248) requiring that the Debtor file a response to the Motion. The Debtor filed his response (ECF no. 249) on October 14, 2015.

The Plaintiffs make three arguments in their motion. First, the Plaintiffs argue that newly discovered evidence requires that the Court sustain the Plaintiffs' objections to the Debtor's discharge. Second, the Plaintiffs argue that the Court made a clear error of law in the Opinion by failing to acknowledge and adhere to a default judgment that was entered in another adversary proceeding against TAP Liquidating Company, L.L.C. ("TAP"), regarding an alleged fraudulent transfer by the Debtor. Third, the Plaintiffs argue that the Court should exercise its discretion, follow other cases within the district, and reconsider its Opinion. The Court will address these arguments in turn.

The newly discovered evidence consists of (1) updated QuickBooks reports for the Lewiston Trust, (2) a signature card for the Lewiston Trust's Comerica Bank account showing that the Debtor signed as the primary account owner and used his individual tax identification number, and (3) two pages from the May 21, 2015 deposition of Lois Lewiston, the Debtor's wife, in a different adversary proceeding.

According to the Plaintiffs, this newly discovered evidence shows that the Lewiston Trust bank account was the Debtor's personal account, a fact he concealed and testified falsely about at the trial. The Plaintiffs argue that this "confirmation" that the Lewiston Trust bank account was the Debtor's personal account means that the Court erred in finding that the Debtor held no interest in certain properties, and that he did not transfer interests in other properties. The Plaintiffs contend that these further instances of the Debtor concealing property interests provide additional palpable defects, requiring denial of the Debtor's discharge. In an even broader application of this new

evidence, the Plaintiffs seem to reason that any entity that contributed funds to the Lewiston Trust bank account must necessarily also have been owned by the Debtor.

The Debtor counters that the QuickBook reports and signature card are not newly discovered. Instead, many of the purported "new" QuickBook reports are simply updated reports of what was introduced at trial. The Debtor notes that the existence of the Lewiston Trust was not a secret. Nor was the Lewiston Trust's Comerica Bank account a secret. The Debtor summarizes the discovery taken in this adversary proceeding, and taken by the Chapter 7 Trustee in the main bankruptcy case, including the hiring of a forensic accountant and the issuance of over 70 subpoenas, with multiple subpoenas issued to Comerica Bank. The Debtor asserts that the QuickBook reports and signature card are consistent with his testimony at trial and the Court's findings in the Opinion that the Debtor used the Lewiston Trust bank account as the "family account," from which he believed he was free to take what he needed, and that he was not careful in deciding whether deposits should be made to the Lewiston Trust bank account or his personal bank account.

The Debtor makes a second argument concerning the signature card and the accompanying email from his attorney. The Debtor concedes that the email states that the Debtor "is the primary owner/signatory, individually (not as Trustee of the Lewiston Trust) and his individual tax identification number was used." The Debtor also concedes that his attorney states in the email that these facts are "significant." However, the Debtor downplays the email, arguing that it was taken out of context, being part of a longer chain between his attorney and the Chapter 7 Trustee's attorney that contained settlement discussions of tax issues. In addition, the Debtor points out that Fed. R. Evid. 408 bars the Court from considering settlement discussions.

The Debtor did not address the Plaintiffs' contention that Lois Lewiston's deposition testimony also constitutes newly discovered evidence.

In summary, the Debtor views the "newly discovered evidence" as being cumulative evidence of the Debtor's belief that the Lewiston Trust was a valid entity, even though he used it as a "family account" and viewed it as a "pass-through" entity for tax purposes. Nowhere in this "newly discovered evidence" is there evidence of the Debtor's fraudulent intent.

Fed. R. Civ. P. 60 is incorporated by Fed. R. Bankr. P. 9024. Rule 60(b)(2) allows for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

> In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. In other words, the evidence cannot be merely impeaching or cumulative.

Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks and citations omitted).

The Court concludes that the Plaintiffs have not met their burden of demonstrating either prong of this test. From the inception of the Debtor's bankruptcy case in 2012, the Lewiston Trust and its Comerica Bank account were well known to the Plaintiffs. During the 20 months that discovery was open in this adversary proceeding, the Plaintiffs had ample opportunity to obtain information regarding the Lewiston Trust bank account, including the funds going into and out of that account and the Debtor's use of those funds. Likewise, the Plaintiffs had ample opportunity to

depose Lois Lewiston and call her as a witness at trial. Although the record is silent as to the length of the marriage, the Debtor and Lois have two adult children and five grandchildren. Lois is not a new figure in the Debtor's life. The updated QuickBooks report, the signature card and Lois's testimony are evidence that the Plaintiffs could have obtained by exercising due diligence.

Even if this evidence is treated as newly discovered evidence, it does not support a finding that there is a palpable defect in the Opinion because it clearly would not have produced a different result if presented before entry of the Order. First, the evidence is cumulative. The updated QuickBooks reports are consistent with the Debtor's testimony and other evidence adduced at trial that he used the Lewiston Trust bank account as he wished. The signature card may have probative value, but it is not determinative that the Lewiston Trust bank account was individually owned by the Debtor. As for Lois's testimony, it consists of two pages from a 71 page transcript, in which she testifies that she and the Debtor have a "Lois and Richard Trust account." At best, all of this purported newly discovered evidence simply illustrates the Debtor's belief that the Lewiston Trust allowed him to take money out of the Trust's bank account and use it in any way he wanted. The Court already so found in the Opinion.

Second, and more importantly, nowhere in this purported new evidence is there any evidence of the Debtor's fraudulent intent that would contradict the Court's finding in the Opinion that the Debtor mistakenly believed that the Lewiston Trust was a valid trust, and that the Debtor testified credibly even when he was mistaken in his assumptions and beliefs.

The Plaintiffs' second argument in the Motion is that the Court made a clear error of law in failing to acknowledge and adhere to a default judgment entered on October 21, 2014 against TAP in adversary proceeding number 14-4717, a separate fraudulent conveyance adversary proceeding

brought by the Chapter 7 Trustee against TAP and various other defendants including the Debtor and the Lewiston Trust. The Plaintiffs point out that the complaint in that adversary proceeding, which was not answered by TAP, contained allegations and claims that the Debtor was the managing member of TAP, that TAP served as general partner of Sterling Lake Apartments, and that TAP transferred its interest in Sterling Lake Apartments post-petition. With no analysis, the Plaintiffs conclude that, as a matter of law, the default judgment establishes that the Debtor owned an interest in Sterling Lake Apartments, which he transferred post-petition. Therefore, the argument goes, the Court committed a clear error of law in holding that the evidence did not prove that the Debtor ever held an interest in Sterling Lake Apartments, and thus could not have transferred any interest.

The Plaintiffs do not cite to any legal doctrine or authority in support of this argument. They appear to be suggesting that it is self-evident that the default judgment against TAP has preclusive effect against the remaining defendants in that adversary proceeding, specifically the Debtor. Although this argument was not in the Plaintiffs' post-trial brief, the Plaintiffs did mention the "res judicata" effect of the default judgment against TAP in closing arguments, and claimed that the default judgment establishes that the Debtor transferred his interest in Sterling Lake Apartments post-petition. The default judgment was admitted as an exhibit and briefly discussed in the Debtor's testimony at trial.

In contrast to the Plaintiffs' argument regarding newly discovered evidence, which is governed by Fed. R. Civ. P. 60(b), the Plaintiffs' argument concerning the legal effect of the TAP default judgment is governed by Local Bankruptcy Rule 9024-1. That local rule provides, in subsection (a)(3), that a party moving for reconsideration cannot present the same issues ruled upon by the Court, either expressly or by reasonable implication. Although not expressly addressed in

the Opinion, this "res judicata" argument was considered and rejected by the Court by reasonable implication.

On the merits of this argument, the doctrine of issue preclusion requires a prior proceeding between the same parties, that culminated in a valid, final judgment, where the issue was actually litigated and necessarily decided. People v. Gates, 452 N.W.2d 627, 630 (Mich. 1990). The default judgment resulted in a valid, final judgment as to TAP. Issue preclusion requires that the prior proceeding in which the judgment was entered was between the same parties. That element is missing here. The other thirteen defendants in adversary proceeding 14-4717, including the Debtor, have continued to vigorously defend the claims against them in that adversary proceeding, with trial in that case scheduled to start on November 16, 2015. The entry of a default judgment against TAP in that adversary proceeding does not even preclude the Debtor from defending the allegations against him in that adversary proceeding, let alone preclude him from defending the allegations against him in this adversary proceeding.

The Plaintiffs' third argument in the Motion is that the Court should exercise its discretion to reconsider its Opinion and sustain the Plaintiffs' objection to the Debtor's discharge. The Plaintiffs amass quotations from published opinions, including from this Court, that a debtor's obligation to be truthful and forthcoming in his schedules is paramount and not to be taken lightly. The Court has no quarrel with those quotations. However, they do not help the Plaintiffs here because the Plaintiffs' real disagreement is not based on the principles set forth in those quotations, but instead is based on the Court's findings of fact in the Opinion concerning the Debtor's credibility. This is not a proper basis for reconsideration.

The Court concludes, consistent with L.B.R. 9024-1(a)(3) (E.D. Mich.), that it need not allow oral argument on the Motion because the briefs are sufficient for the Court to decide the Motion. The Court further concludes that the Plaintiffs have not demonstrated either that there are grounds for reconsideration based on newly discovered evidence or that there is a palpable defect by which the Court and the parties have been misled, the correction of which requires a different disposition of the case. Accordingly,

IT IS HEREBY ORDERED that the Plaintiffs' motion for reconsideration (ECF no. 246) is DENIED.

.

**Signed on October 20, 2015**

                                                **/s/ Phillip J. Shefferly**
                                                **Phillip J. Shefferly**
                                                **United States Bankruptcy Judge**